IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES W. BLACK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OLD COUNTRY BUFFET, )<br>)<br>)<br>Defendant. ) | Case No. 15 C 6422<br><br>Magistrate Judge Schenkier |

## <u>MEMORANDUM OPINON AND ORDER[1]</u>

Plaintiff, James W. Black, filed a *pro se* Amended Complaint against Old Country Buffet Restaurant Company, LLC ("OCB") on September 1, 2015 (doc. # 12: Am. Cmpl.).[2] Mr. Black asserts a claim against the defendant for race discrimination in violation of 42 U.S.C. § 1983 (Am. Cmpl.).

Before the court is defendant's motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) (doc. # 58: Motion). Defendant filed its memorandum in support (doc. # 59: Def.'s Mem.), Mr. Black filed his response (doc. # 62: Resp.), and defendant filed its reply (doc. # 65: Def.'s Reply). We, *sua sponte*, granted plaintiff leave to file a sur-response limited to addressing the new materials defendant raised in its Reply brief (doc. # 66: Order). Plaintiff did not file a sur-response or seek an extension of time in which to do so. For the reasons that follow, we grant defendant's motion for judgment on the pleadings.

---

[1] On January 13, 2016, by consent of the parties and pursuant to 28 U.S.C § 636(c) and Local Rule 73.1, this case was assigned to Magistrate Judge Mary M. Rowland for all proceedings, including entry of final judgment (doc. # 26). On August 22, 2019, pursuant to General Order 19-0026, this case was assigned to this Court for all proceedings, including entry of final judgment (doc. # 52).

[2] The parties agree in their Joint Status Report filed on January 12, 2016 that the defendant in this matter is Old Country Buffet Restaurant Company, LLC incorrectly sued as Old Country Buffet (doc. # 24: Joint Status Report).

## I.

Mr. Black claims he was discriminated against on the basis of his race by OCB on February 22, 2015, because he was not seated where he wished to be seated at the OCB restaurant at Ford City Mall and because OCB asked Mr. Black and his family to leave the OCB restaurant (Am. Cmpl.). In the Amended Complaint, Mr. Black seeks recovery of $25,000.00 in damages (Am. Cmpl.). OCB denies that Mr. Black's race was the basis for any of its actions (doc. # 22: Answer at ¶ 6).

During the pendency of this case, defendant filed its Suggestion of Bankruptcy because of the filing of a Voluntary Petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the Western District of Texas (doc. # 31: Suggestion of Bankruptcy). This case was stayed on April 14, 2016 as a result of the Chapter 11 bankruptcy proceeding involving OCB (doc. # 32). On May 24, 2019, the bankruptcy court entered an order closing the bankruptcy proceeding (*see* doc. # 53). As a result, on September 12, 2019 we lifted the stay and proceedings in this case re-commenced (doc. ## 53, 54).

## II.

The standard for a Rule 12(c) motion for judgment on the pleadings is the same as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). "To survive a motion for judgment on the pleadings, a complaint must 'state a claim to relief that is plausible on its face.'" *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 357–58 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "In assessing a motion for judgment on the pleadings, we draw all reasonable inferences and facts in favor of the nonmovant, but need not accept as true

any legal assertions." *Id.* at 358 (*citing Vesely v. Armslist LLC*, 762 F.3d 661, 664–65 (7th Cir. 2014)).

Furthermore, on a motion for judgment on the pleadings, federal courts may take judicial notice of "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue," *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983), or are matters of public record. See, *e.g., Milwaukee Police Assoc. v. Flynn*, 863 F. 3d 636, 640 (7th Cir. 2017) (in a Rule 12(c) analysis, the court may take judicial notice of matters of public record); *Pickett v. Sheridan Health Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011); *U.S. v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991) (district court may take judicial notice of bankruptcy file where parties had an opportunity to respond); *Curry v. City of Chicago*, No. 10-C-7153, 2013 WL 884454, *6 (N.D. Ill. Mar. 8, 2013) (in a motion for judgment on the pleadings, a court may take judicial notice of "appropriate materials, such as ... proceedings in other courts ... [that] have a direct relation to the matters at issue"). Therefore, we may take judicial notice of the proceedings involving OCB's Chapter 11 bankruptcy case.

### III.

The motion before us does not arise out of the underlying factual dispute regarding Mr. Black's assertion of racial discrimination but is instead based on a disagreement over the impact of the bankruptcy proceeding on this case. OCB claims res judicata precludes Mr. Black from pursuing this case because two of the three of Mr. Black's claims for payment in the bankruptcy case on the alleged violation he asserts in this case were disallowed as untimely filed (doc. # 59: Def.'s Mem. at 5), and Mr. Black in fact received a distribution from the reorganization plan on the first claim he filed in the amount of $2,500.00 to settle his discrimination claim as part of the bankruptcy proceeding that was then discharged (doc. # 65: Def.'s Reply at 3). Mr. Black argued

3

that his claim was timely and that it remained in "STAY status until the bankruptcy case was over" (doc. # 62: Response at 1-2). We afforded Mr. Black the opportunity to file a sur-response to address the materials not included in OCB's original motion or supporting brief, namely the $2,500.00 distribution check to Mr. Black; however, Mr. Black offered no response (doc. # 66).

The doctrine of res judicata provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc.* v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428 (1981). Not only does res judicata apply in the bankruptcy context, but public policy interests – that there be an end to litigation – particularly support it within this setting. *Crop-Maker Soil Servs., v. Fairmount State Bank*, 881 F.2d 436, 439-40 (7th Cir. 1989). The elements of res judicata are: (1) a final judgment on the merits in a prior action; (2) the identity of the cause of action in both the prior and subsequent suits; and (3) the identity of parties or privies in these suits. *Id.* at 439. All of the elements are met in this matter.

### A.

Regarding elements two and three, Mr. Black filed a proof of claim (Claim 1480) in the OCB bankruptcy proceeding on July 18, 2016, a few days after the deadline for filing claims (doc. # 59-4: Response Ex. D, at 4, ¶ 10; doc. # 62: Response, Ex. A). The trustee objected to this claim, Mr. Black filed a motion to consider the claim timely filed and the bankruptcy court granted his motion (*Id.*). The basis for Mr. Black's claim was "Law suit violation of constitution civil rights" and he valued the claim at $25,000.00 (doc. # 62: Response, Ex. A). Thus, the cause of action and the parties involved in both this case and the OCB bankruptcy proceeding are identical.

**B.**

With regard to the first element, on May 24, 2019, the bankruptcy court entered an order of final decree, declared the bankruptcy matter to be fully administered, and closed the Chapter 11 cases (doc. # 59-6: Response Ex. F at 1-2). On that same date, the debtor's unsecured creditor trust issued a check in the amount of $2,500.00 payable to James W. Black, and Mr. Black negotiated the check on or about June 26, 2019 (doc. 65-2: Reply Ex. B). The Debtor's Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code discharged and released all claims against OCB and permanently enjoined any entity holding a claim against OCB from continuing any action against OCB (doc. # 65-3; Reply Ex. C at 41-42).[3] The order confirming this plan also permanently enjoined any claim holder from continuing any proceeding against OCB (doc. # 65-4; Reply Ex. D at 21). Thus, a final judgment was reached – and, indeed, that final judgment specifically barred anyone from continuing to proceed on any claim against OCB that was discharged in the bankruptcy.

We note that Mr. Black also filed two additional claims in the bankruptcy proceeding: one on January 31, 2019 (Claim 3346) and another on February 26, 2019 (Claim 3349), each asserting a claim for $25,000.00 that the bankruptcy court disallowed as untimely and expunged from the official claims register (doc. # 59: Def.'s Mem. at 2; doc. # 59-3: Response Ex. C; doc. # 59-5: Response Ex. E at 2). To the extent Mr. Black relies on these claims to argue that res judicata does not apply to bar his action, he is mistaken. The bankruptcy court's rejection of those claims as untimely is now final, as the bankruptcy proceeding is now final.

After taking judicial notice of the bankruptcy proceedings and affording Mr. Black the opportunity to respond to the materials raised in OCB's Reply brief, we determine that the elements

---

[3] The page number 41 refers to the doc. number 41 of 65 page ID #: 258 and correlates to page 37 of Exhibit C.

of res judicata have been met. Mr. Black filed a claim in OCB's bankruptcy case for $25,000.00 raising a claim for violation of his constitutional rights – the same issue and recovery sought in this case pending before this Court. He then filed two more claims in the bankruptcy proceeding that were denied as untimely. The discrimination claim was paid (albeit in a compromised amount), his two other claims were disallowed and expunged, and the final bankruptcy court order bars him from proceeding on any of those claims in this court. Mr. Black is not entitled to two bites at the apple – his claims were adjudicated in the bankruptcy matter, he received his distribution, and he is precluded by the injunction entered in the bankruptcy proceeding from seeking anything more in this court.

## CONCLUSION

For the foregoing reasons, defendant's Old Country Buffet Restaurant Company, LLC, Incorrectly Sued as Old Country Buffet's Motion for Judgment on the Pleadings (Res Judicata) (doc. # 58), is granted.

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: February 24, 2020**